IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MONOSOL RX, LLC,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | No. 17-1307 |
| **BIODELIVERY SCIENCES INTERNATIONAL, INC.,** | : | |
| *Defendant.* | : | |

# ORDER

**AND NOW**, this 16th day of October, 2018, upon consideration of Defendant's Motion to Transfer (Doc. No. 46), Plaintiff's response in opposition (Doc. No. 54), and Defendant's reply brief (Doc. No. 65), I find as follows:

## FACTUAL BACKGROUND

1. Plaintiff, MonoSol RX, LLC ("MonoSol"), filed this lawsuit on January 13, 2017 in the United States District Court for the District of New Jersey against Defendant, BioDelivery Sciences International, Inc. ("BioDelivery"), alleging patent infringement of United States Patent No. 8,765,167 (the "'167 Patent").

2. On September 14, 2017, the case was transferred by way of stipulation to the United States District Court for the District of Delaware.

3. The Complaint alleges the following:

    – Defendant markets and sells BELBUCA® (buprenorphine) buccal film, which allegedly violates several claims of the '167 Patent. (Compl. ¶ 2.)

    – On October 23, 2015, the Food and Drug Administration approved Defendant's New Drug Application to manufacture, market, and sell BELBUCA®. (Id. ¶ 3.)

1

- Plaintiff alleges that Defendant had knowledge of the '167 Patent since a least October of 2014. (Id. ¶ 4.)

- "With full knowledge of the '167 patent, and despite having been previously sued for other products that infringe the '167 patent, BDSI has willfully launched BELBUCA®, a new product that infringes the '167 patent." (Id. ¶ 5.)

4. Pursuant to 28 U.S.C. § 1404(a), Defendant has moved to transfer venue to the United States District Court for the Eastern District of North Carolina where the previous and ongoing litigation regarding Defendant's buprenorphine pharmaceutical film products is located.[1] Plaintiff responds that transfer is inappropriate because Plaintiff's choice of forum should be given deference and venue in Delaware is proper.

**LEGAL STANDARD**

5. Under 28 U.S.C. § 1404(a), a district court may transfer an action to any other district "where it might have been brought" if this transfer is "for the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a); see also In re Genentech, Inc., 566 F.3d 1338, 1341–42 (Fed. Cir. 2009). The determination of whether to transfer venue pursuant to § 1404(a) is governed by federal law. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877-878 (3d Cir. 1995).

6. Analysis of a request for a § 1404(a) transfer has two components. First, both the original venue and the requested venue must be proper. Jumara, 55 F.3d at 879. As noted above, venue is proper in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which a substantial part of the property that is the subject of the action

---

[1] Additionally, Defendant moves to dismiss the claims pursuant to Federal Rule of Civil Procedure 12(b) (Doc. No. 50). Because I am granting Defendant's Motion to Transfer, Defendant's Motion to Dismiss is denied as moot. See Egervary v. Young, 366 F.3d 238, 243 (3d Cir. 2004).

is situated. 28 U.S.C. § 1391. A business entity resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." Id. § 1391(c)(2); see also Johnson v. Equifax Info. Servs., LLC, No. 17-066, 2017 WL 2779568, at *2 (E.D. Pa. June 27, 2017).

7. Second, the purpose of allowing § 1404(a) transfers is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Mosaid Techs., Inc. v. Sony Ericsson Mobile Commc'ns (USA), Inc., 885 F. Supp. 2d 720, 723 (D. Del. 2012) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (further quotations omitted)). Accordingly, the court must undertake a balancing test comprised of various public and private interest factors. Jumara, 55 F.3d at 879. Analyses of transfers under § 1404(a) are "flexible and must be made on the unique facts of each case." Job Haines Home for the Aged v. Young, 936 F. Supp. 223, 227 (D.N.J. 1996) (internal quotations omitted). The court's discretion is broad in deciding whether to transfer. Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 458–59 (E.D. Pa. 2013).

## DISCUSSION

8. Two related lawsuits inform my decision here: On September 20, 2014, BioDelivery filed a declaratory judgment action in the United States District Court for the Eastern District of North Carolina against MonoSol and Reckitt Benckiser Pharmaceuticals, Inc. ("RBP"), seeking a declaration that BioDelivery's buprenorphine pharmaceutical film product did not infringe on MonoSol's United States Patent Numbers 8,475,832 (the "'832 Patent") and 7,897,080 (the "'080 Patent"). BioDelivery Sciences Int'l, Inc. v. Reckitt Benckiser Pharma., Inc., 5:14-cv-529 (E.D.N.C. Sept. 20, 2014). On September

22, 2014, MonoSol and RBP filed an action in the United States District Court for the District of New Jersey, alleging that Defendant's product infringed MonoSol's '167 Patent. <u>Reckit Benckiser Pharma., Inc. et al. v. BioDelivery Sciences Int'l, Inc., et al.</u>, 3:14-5892 (D.N.J. Sept. 22, 2014).

9. On July 20, 2015, the Honorable Michael Shipp of the United States District Court for the District of New Jersey transferred the case to the United States District Court for the Eastern District of North Carolina for the following reasons:

   a. The United States District Court for the Eastern District of North Carolina had personal jurisdiction over BioDelivery because BioDelivery had "sufficient minimum contacts with the forum state . . . because its principal place of business is there;"

   b. MonoSol and RBP were not afforded deference to their choice of forum because, "in a patent infringement action, the central facts of the case involve the development, production, and management of the allegedly infringing product;"

   c. The "central facts of the lawsuit occurred in North Carolina" and convenience of the parties favored transfer because BioDelivery would "likely have to produce most of the evidence in this case from its North Carolina headquarters;"

   d. The patents at issue ('080 and '167) related to the "same component part of the drug (the film);" and

   e. The local interest factor favored transfer "because the EDNC's interests ar[o]se from the development and production of the allegedly infringing product," which outweighed the minimal local interest of the United States District Court for the District of New Jersey.

4

10. The case before me is similar to the case brought in the United States District Court for the District of New Jersey, but the factors weigh even more strongly in favor of transfer because the present case involves two of the same parties (BioDelivery and MonoSol) and the exact same patent (<u>i.e.</u>, the '167 patent).

11. I agree with the rationale of Judge Shipp in ordering the transfer of the case to the United States District Court for the Eastern District of North Carolina and adopt his reasoning.

**WHEREFORE**, it is hereby **ORDERED** that:

− Defendant's Motion to Transfer (Doc. No. 46) is **GRANTED** and this matter is to be **TRANSFERRED** to the United States District Court for the Eastern District of North Carolina.

− Defendant's Motion to Dismiss (Doc. No. 50) is **DENIED** as moot.

       BY THE COURT:

       /s/ Mitchell S. Goldberg

       **MITCHELL S. GOLDBERG, J.**